UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KYLE M. PARKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00196-JPH-DLP |
| ) | |
| T.J WATSON, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Kyle Parks, an inmate at the United States Penitentiary in Terre Haute, Indiana, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Parks's habeas petition is subject to preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 of the *Rules Governing § 2254 Cases* (applicable to § 2241 petitions pursuant to Rule 1(b)); *see* 28 U.S.C. § 2243.

### I. Factual and Procedural Background

A jury in the United States District Court for the Eastern District of Missouri found Mr. Parks guilty of one count of transportation of a minor to engage in prostitution in violation of 18 U.S.C. § 1591(a)(1) and (b)(2); two counts of attempted transportation of a minor to engage in prostitution in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and 1594(a); and six counts of transportation of an individual with intent to engage in prostitution in violation of 18 U.S.C. § 2421(a). *United States v. Parks*, 902 F.3d 805, 808 (8th Cir. 2018). He was sentenced to a total term of 300 months in prison, to be followed by lifetime supervised release. *Id.* at 812. The Eighth Circuit Court of Appeals affirmed the conviction and sentence. *Id.* at 808.

Mr. Parks filed a motion for relief pursuant to 28 U.S.C. § 2255 on November 8, 2018. *Parks v. United States*, No. 4:18-CV-1923-JAR, 2020 WL 1514631, at *2 (E.D. Mo. Mar. 27, 2020). He amended the motion three times. *Id*. The district court granted him leave to file a final amended motion incorporating his supplements and any other grounds he wished to raise. *Id.* The Court instructed that the amended motion must "include[ ] each and every claim he wishes to bring" and cautioned him that "the filing of an amended pleading replaces the original, and claims that are not realleged are deemed abandoned." *Id*. In ruling on his § 2255 motion, therefore, the district court considered the following four grounds for relief:

> (1) planting and fabrication of evidence and perjury by police officers in violation of Movant's constitutional rights to Due Process; (2) prosecutorial misconduct in suborning perjury; (3) withholding of exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and (4) trial court error in allowing the admission of 404(b) evidence.

*Id*. The Court explained: "Claims raised in earlier § 2255 Motions but not included in the operative motion are waived. However, where the factual basis for a claim properly before the Court is unclear from Movant's third Amended § 2255 Motion, the Court will look to earlier motions to more fully understand Movant's habeas grounds." *Id*. The court denied his § 2255 motion and denied a certificate of appealability. *Id*.

Mr. Park then filed this § 2241 petition raising multiple grounds for relief.

## II. Section 2241 Standards

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015). Under very limited circumstances, however, a prisoner may employ Section 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue

2

writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (citing *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *In re Davenport* holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611. "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.

Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown*, 719 F.3d at 586; *see also Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions and holding that

relitigation under § 2241 of a contention that was resolved in a proceeding under § 2255 is prohibited unless the law changed after the initial collateral review).

### III. Discussion

Mr. Parks raises several grounds for relief in this habeas petition which can be summarized as follows: (1) evidence was fabricated in violation of his due process rights; (2) the searches of his office and van violated the Fourth Amendment; (3) the police officers who testified against him committed perjury, obstructed justice, and concealed evidence; (4) the evidence was insufficient because the elements of the crimes were not proven; (5) the Confrontation Clause was violated; (6) evidence was withheld; (7) he was subjected to too many charges; (8) the jury instructions were incorrect; and (9) the indictment was improperly amended during trial.

None of these grounds for relief satisfies the requirements of the savings clause set forth in *Davenport*.

First, any constitutional claim fails to satisfy the first *Davenport* factor, which requires that the claim relies on a case of statutory interpretation. *See Davis*, 863 F.3d at 964. This includes claims that his rights under the Fourth Amendment and the Confrontation Clause were violated. This also includes any claim that evidence was improperly withheld, which is understood to be brought under *Brady v. Maryland*, 373 U.S. 83 (1963), and is a due process claim. In addition, his assertions that evidence was fabricated and that the evidence was insufficient also present due process claims. *Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012) (police officers who manufacture false evidence violate due process if that evidence is used to deprive a person of his liberty); *Jackson v. Virginia*, 443 U.S. 307, 315 (1979) (due process requires proof beyond a reasonable doubt of guilt). Finally, this includes a claim that the indictment was changed during trial. Such a claim is understood to be an assertion that his Fifth Amendment rights were violated.

4

*United States v. Murphy*, 406 F.3d 857, 860 (7th Cir. 2005) ("An indictment that is constructively amended at trial violates the Constitution because the Fifth Amendment requires an indictment of a grand jury to guarantee that the allegations in the indictment and the proof at trial match in order to insure that the defendant is not subject to a second prosecution, and to give the defendant reasonable notice so that he may prepare a defense.") (quoting *United States v. Trennell,* 290 F.3d 881, 886 (7th Cir. 2002)).

Moreover, Mr. Parks raised many of these claims in his § 2255 motion, including his claim that evidence was withheld and that police officers committed perjury and fabricated evidence. *Parks*, No. 4:18-CV-1923-JAR, 2020 WL 1514631, at *2. He therefore cannot show that § 2255 was inadequate or ineffective to raise these claims. *See Roundtree*, 910 F.3d at 313; *Webster*, 784 F.3d at 1136.

Next, Mr. Parks claims that he was improperly charged because the statute under which he was convicted, 18 U.S.C. § 2423(a), contemplates that a defendant should be charged only once for transporting a minor across state lines to engage in prostitution regardless of how many people are transported in one vehicle. To the extent that this claim is understood to be a claim that his right to be free of double jeopardy was violated, like the claims discussed above, this constitutional claim does not satisfy the savings clause. In addition, to the extent that he is understood to be making a claim based on the interpretation of the statute, the case he bases this argument on, *Bell v. United States*, 349 U.S. 81, 82 (1955), which was decided in 1955, does not create a new rule that was previously unavailable to him. It therefore does not satisfy the second element of the savings clause. *See Davis*, 863 F.3d at 964.

Finally, in his challenge to the jury instructions, Mr. Parks argues that the jury was improperly instructed on the elements of the use of force. But, a review of the crimes for which

5

Mr. Parks was convicted and the jury instructions shows that use of force was not one of the elements of the crimes for which he was convicted. *United States v. Parks*, 4:15-cr-0053-JAR (E. D. Mo.), dkt 113. Moreover, even if Mr. Parks had a viable claim that the jury instructions were incorrect, the cases he uses to support his claim predated his conviction. *See* Dkt. 1 at 19 (citing *United States v. Crow*, 148 F.3d 1048, 150 (8th Cir. 1998)). He therefore cannot satisfy the second requirement of the savings clause of reliance on a case that has created a new rule that was not previously available to him. *See Davis*, 863 F.3d at 964.

In short, Mr. Parks presents no claims in this § 2241 petition that satisfy the savings clause of 28 U.S.C. § 2255(e) and he is therefore not entitled to habeas relief.

### III. Conclusion

For the foregoing reasons, Kyle Parks's § 2241 petition shows on its face that he is not entitled to relief. His petition for a writ of habeas corpus is therefore **DISMISSED with prejudice** pursuant to 28 U.S.C. § 2255(e). *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017). Accordingly, Mr. Parks's other pending motions, dkts. 5 & 8, are also **DENIED** as moot. Final judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 9/9/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KYLE M. PARKS
44054-044
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808