UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KYLE M. PARKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00196-JPH-DLP |
| ) | |
| T.J WATSON, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Motion for Reconsideration and Motion to Compel**

Kyle Parks, an inmate at the United States Penitentiary in Terre Haute, Indiana, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court denied Mr. Parks's habeas petition under Rule 4 of the *Rules Governing § 2254 Cases*. Dkt. 9. Mr. Parks then filed a motion for reconsideration and a motion to compel the respondent to respond to his habeas petition in which he presents additional arguments in support of his habeas petition.

Mr. Parks's motions are understood to be motions to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal citations omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois,* 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). Relief through a Rule 59(e) motion for

reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

In reviewing Mr. Parks's petition, the Court explained that a petitioner may employ § 2241 to challenge his conviction or sentence only when a motion under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of the detention." Dkt. 9 (quoting *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018)). To show this, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown*, 719 F.3d at 586.

In support of his motion for reconsideration, Mr. Parks argues that his claims of erroneous enhancements and the violation of interstate commerce meet the requirements to be heard under § 2241. In support of his motion to compel, Mr. Parks presents "Additional Issues for Review." Dkt. 11. Like in his petition, he again challenges the validity of a search, the superseding indictment, and the sufficiency of the evidence. He also challenges the enhancement of his sentence and the interstate commerce element of his conviction.

Mr. Parks has not shown in his motion for reconsideration or motion to compel any error in the Court's dismissal of his habeas petition. First, the Court reviewed, consolidated and addressed each of Mr. Parks's claims, which did not include claims for erroneous enhancements or violation of interstate commerce. *See* dkt. 9. In addition, Mr. Parks has failed to show how any "interstate commerce" challenge could be brought in a § 2241 petition or would be successful. In fact, his criminal charges were based on his transportation of minors across state lines for

prostitution. *See United States v. Parks*, 902 F.3d 805, 808 (8th Cir. 2018). Moreover, Mr. Parks has not identified any new rule of statutory law applicable to this claim. Next, Mr. Parks has failed to show that any challenge to the enhancement of his sentence would meet any of the factors for relief under § 2241.

For the reasons discussed above, Mr. Parks has failed to show any error in the Court's dismissal of his habeas petition under Rule 4. Accordingly, his motion for reconsideration, dkt. [12], and motion to compel, dkt. [11], are each **denied**.

**SO ORDERED.**

Date: 1/15/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

KYLE M. PARKS
44054-044
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808